**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LUIS MIGUEL HERNANDEZ-VELAZQUEZ, AKA Enrique Nava-Sanchez,<br><br>      Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No.   20-70867<br><br>Agency No. A088-711-170<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Luis Miguel Hernandez-Velazquez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Hernandez-Velazquez did not show exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas*, 424 F.3d at 930.

The record does not compel the conclusion that Hernandez-Velazquez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Hernandez-Velazquez's asylum claim fails.

The agency did not err in concluding that Hernandez-Velazquez did not

establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent that Hernandez-Velazquez raises in the first instance a particular social group based, in part, on young age and previous residence in the United States, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). We do not reach Hernandez-Velazquez's contentions regarding whether the government is unable or unwilling to protect him or that he experienced harm rising to the level of persecution. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). Thus, Hernandez-Velazquez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Hernandez-Velazquez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the

20-70867

mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**